UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GARY ERVIN,**

    **Petitioner,**

**v.**                                                    **Case No: 5:23-cv-237-WFJ-PRL**

**WARDEN, FCC COLEMAN – USP I,**

    **Respondent.**
_____

## ORDER DISMISSING CASE

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and is proceeding on his Amended Petition (Doc. 4).

### I.   BACKGROUND

In 2004, a jury found Petitioner guilty of carjacking, in violation of 18 U.S.C. § 2119; use of a dangerous weapon to assault or impede a federal employee, in violation of 18 U.S.C. § 111; and two counts of use of a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *See* Case No. 1:04-cr-13-DCN (N.D. Ohio). Petitioner was sentenced to 552 months in prison. Petitioner appealed and the United States Court of Appeals for the Sixth Circuit affirmed. *United States v. Ervin*, 209 F. App'x 519 (6th Cir. 2006).

In 2008, Petitioner filed his first 28 U.S.C. § 2255 motion. The district court denied the motion and declined to issue a certificate of appealability. The Sixth Circuit dismissed the appeal as untimely. *Ervin v. United States*, No. 13-3146, at *2-3 (6th Cir. Mar. 28, 2013).

In 2016, the Sixth Circuit denied Petitioner's motion for authorization to file a second or successive § 2255 motion on the basis of *Johnson v. United States*, 576 U.S. 591, 606 (2015). *In re Ervin*, No. 16-3636, at *1-2 (6th Cir. Oct. 20, 2016).

In 2019, Petitioner again sought authorization to file a second or successive § 2255 motion, relying upon *Sessions v. Dimaya*, 138 S. Ct. 1204, 1215-16 (2018), and *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which held that the residual clause of the definition of "crime of violence" in § 924(c)(3)(B) is unconstitutionally vague. The Sixth Circuit denied authorization. *In re Ervin*, No. 19-3320, at *1-3 (6th Cir. Oct. 28, 2019).

In 2022, Petitioner again sought authorization to file a second or successive § 2255 motion, relying upon *Davis* and *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021), which held that offenses with a mens rea of recklessness do not qualify as predicate violent felonies under the use-of-force clause in the Armed Career Criminal Act. The Sixth Circuit denied authorization finding:

> "*Borden* was a statutory-interpretation case, so it does not provide 'a new rule of constitutional law' for [Ervin] to make a prima facie showing under § 2255(h)(2)." *Jones v. United States*, 36 F.4th 974, 986 (9th Cir. 2022); *see Borden*, 141 S. Ct. at 1825 (plurality op.); *In re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017); *see also, e.g., In re Lindsay*, No. 21-5865, at *3 (6th Cir. Jan. 6, 2022) (order).

*In re Ervin*, No. 22-3437, at *1-2 (6th Cir. Sep. 27, 2022).

## II.   ANALYSIS

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The text of the "savings clause" of section 2255(e) permits a federal prisoner to challenge his sentence under section 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner must prove that a section 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*). In *McCarthan*, the Eleventh Circuit held that a prisoner has a "meaningful opportunity" to test his claim in a § 2255 motion even if that claim is foreclosed by binding precedent or barred by a procedural rule. *Id.* at 1086-87.

Absent narrow exceptions, the Eleventh Circuit has held that section 2241 is unavailable to challenge the validity of a sentence. *McCarthan,* 851 F.3d at 1079. The Eleventh Circuit recently provided examples in which, post-*McCarthan*, a motion to vacate would be an inadequate mechanism to test a prisoner's claim and thus a section 2241 would be an appropriate vehicle to test that prisoner's claim:

> *McCarthan* gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate.

3

*Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted).

Although the examples provided by the *McCarthan* court are not exhaustive, if a prisoner's claim fits within those categories identified in *McCarthan*, he may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim merely challenges 'the validity of his sentence.'" *Id.* (internal citations omitted). If that is the focus of the claim, the prisoner "cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Id.* (internal citations omitted).

Petitioner challenges the validity of his conviction for the use of a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), claiming that *Borden* renders him actually innocent of this crime. (Doc. 4 at 6–7). For relief, Petitioner requests the Court "[v]acate the conviction and sentence for Ervin's conviction on Count Nine of the indictment charging him with violating 18 U.S.C. 924(c)(1)(A), and remand for a new sentence in light of the remaining counts, which amount to time serve. Thus releasing Ervin from federal custody." (Doc. 4 at 8).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. Here, Petitioner has failed to demonstrate that a motion to vacate filed under section 2255 is "inadequate or ineffective." *McCarthan*, 851 F.3d at 1081. Even construing his *pro se* petition liberally, as the Court must, his claim is not cognizable under section 2241

because he challenges the validity of his underlying sentence, not the execution of his sentence. Further, this claim has already been rejected by the Sixth Circuit. *See In re Ervin*, No. 22-3437, at *2. Petitioner has failed to show the applicability of section 2255(e)'s savings clause, and this Court therefore lacks jurisdiction to adjudicate this section 2241 petition.

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief), this case is **DISMISSED**. *See also* 28 U.S.C. § 2255(b). The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, on May 26, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to: Pro Se Petitioner